IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JULIO CEASAR GRANO-ACUNA, | * | |
| Petitioner, | * | |
| v. | * | Criminal No. L-07-002 |
| | * | Civil No. L-08-2641 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

*************

## MEMORANDUM

Petitioner, Julio Ceasar Grano-Acuna, who is now serving a 70 month sentence, has moved *pro se* to set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is DENIED.

**I.     STATEMENT OF FACTS**

On December 20, 2006, Grano-Acuna was charged with conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846.[1] On April 26, 2007, the Government sent Grano-Acuna's counsel a proposed Plea Agreement, which Grano-Acuna accepted and executed on May 17, 2007. On June 7, 2007, Grano-Acuna was rearrained and pled guilty.

The Court held a Sentencing Hearing on October 5, 2007. The Court imposed a sentence of 70 months imprisonment, supervised release of five years, and a special assessment of $100.00.

On October 6, 2008, Grano-Acuna filed a Motion to Vacate under 28 U.S.C. § 2255. The Government responded to the Motion on November 21, 2008. In his § 2255 motion, Grano-

---

[1] Grano-Acuna was also charged with possession with intent to distribute cocaine, aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. This charge was dismissed on motion of the United States.

Acuna urges that his sentence be vacated or corrected because his counsel was ineffective. His arguments to this point, none of which merits relief, are addressed below.

## II.     GRANO-ACUNA WAS NOT DENIED EFFECTIVE ASSISTANCE OF COUNSEL

Grano-Acuna argues that he was denied effective assistance of counsel. He claims in his Motion to Vacate, Set Aside, or Correct Sentence that his attorney, Katherine Tang Newberger, was ineffective because she failed to challenge the 23 kilograms of cocaine attributed to him, because she failed to demonstrate that the evidence was insufficient to convict him on a conspiracy charge, and because she failed to demonstrate that the Government only filed for one downward departure pursuant to USSG § 5K1.1 and not a second downward departure pursuant to 18 U.S.C § 3553(e).

The two-pronged test announced in Strickland v. Washington, 466 U.S. 668 (1984), is the benchmark used to determine whether counsel's performance was adequate. The first prong requires that the petitioner show that his attorney's representation fell below "an objective standard of reasonableness." Id. at 687–91. The second prong requires that the petitioner show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.

The petitioner bears the burden of proving Strickland deficiency and prejudice. Because Grano-Acuna entered a guilty plea, the prejudice prong is slightly modified. The Fourth Circuit has held that in such a case, the petitioner "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

### A.    Attribution of 23 Kilograms of Cocaine and Evidence Relating to Conspiracy

Grano-Acuna argues that his counsel, Ms. Newberger, was ineffective because at sentencing she failed to "effectively challenge the 23 kilograms of cocaine the District Court attributed to [him]" (Pet. Mot. p. 7), and because she "failed to demonstrate to the District Court that the evidence was insufficient to convict him on [conspiracy]," (Pet. Mot. p. 11). This argument lacks merit.

On May 17, 2007, Grano-Acuna voluntarily entered into a Plea Agreement with the Government. Paragraph 2 of the Plea Agreement laid out the elements of a conspiracy offense, stating that the "Defendant combined, conspired, confederated and agreed with at least one other person to knowingly, intentionally and unlawfully distribute five (5) kilograms or more of . . . cocaine hydrochloride . . . [and that] the Defendant did so knowingly and willfully." (Resp. Ex. 1, p. 2). By signing the Plea Agreement, Grano-Acuna acknowledged that he understood the elements of and was pleading guilty to conspiracy.

As part of the Plea Agreement, Grano-Acuna also read and stipulated to the facts contained in Attachment A. Importantly, Attachment A reads:

> Grano agreed with Juan Gonzales, Christopher Towns and others to possess and to distribute approximately 23 kilograms of cocaine hydrochloride in the State and District of Maryland, and in so doing did knowingly and willfully combine, conspire, confederate and agree with others to knowingly, intentionally and unlawfully distribute and possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride . . . . Specifically . . . Defendant knowingly assisted in coordinating the delivery of twenty-three (23) kilograms of cocaine hydrochloride from California to Maryland. (Resp. Ex. 1, p. 10).

Additionally, by signing the Plea Agreement, Grano-Acuna agreed to the following statements:

> I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines and Stipulation and Attachment A with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney. (Resp. Ex. 1, p. 9).

3

Lastly, Grano-Acuna pled guilty in open court during his Rule 11 Inquiry on June 7, 2007, acknowledging that he had read the Plea Agreement, that he understood it, and that he was entering into it freely and voluntarily.

Grano-Acuna now contends that his attorney, Ms. Newberger, was ineffective during his sentencing for not contesting the facts that he agreed to in his written Plea Agreement and during his Rule 11 colloquy.  Based on Grano-Acuna's admissions, his counsel's decision to not argue the merits of the charge during sentencing was objectively reasonable under the first Strickland prong.  See 466 U.S. at 688.  As such, Ms. Newberger's assistance was not ineffective.

**B.     Motion for Downward Departure for Substantial Assistance under USSG § 5K1.1 and 18 U.S.C. § 3553(e)**

Grano-Acuna also argues that he was entitled to a second motion for a downward departure for substantial assistance pursuant to 18 U.S.C. § 3553(e).  In his original Motion to Vacate, Grano-Acuna argued that the Government failed to file a USSG § 5K1.1 *and* an 18 U.S.C. § 3553(e) motion for downward departure based on substantial assistance.  The Government responded by proving that it did indeed move for a downward departure of two levels pursuant to § 5K1.1.  During the sentencing hearing, Government counsel moved for a two-level downward departure and then discussed Grano-Acuna's cooperation.  See Sentencing Hearing Transcript, p. 5–8. Afterward, Ms. Newberger argued at length that the Court should grant a six-level downward departure based on Grano-Acuna's cooperation and the danger to him and/or his family due to his cooperation.  See Sentencing Hearing Transcript, p. 9–21.  The Court ultimately granted a two-level downward departure.

In his reply to the Government's response, Grano-Acuna amended his argument on this point.  He conceded that the Government had made a motion under § 5K1.1, but argued that his

4

counsel was ineffective for failing to demonstrate that the Government did not make a *second* motion for downward departure pursuant to 18 U.S.C. § 3553(e). This argument is meritless. A defendant may receive a *single* downward departure based on substantial assistance pursuant to *both* USSG § 5K1.1 and 18 U.S.C. § 3553(e), not two downward departures based on each.

18 U.S.C. § 3553(e) states:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, Unites States Code.

This statute is thus the enabling legislation for the USSG § 5K1.1. As such, the statute and the sentencing guidelines *together* provide a single downward departure for substantial assistance. They do not provide downward departures independent of each other. This conclusion is further supported by the Court's statements during the sentencing hearing. Ms. Newberger asked the Court whether the downward departure motion was made under the guidelines or the statute, and the Court responded that "[t]he motion is made under both the statute and the Guideline, meaning that the resulting sentence can be below the statutory mandatory minimum." Sentencing Hearing Transcript, p. 9, lines 8–23.

Because Grano-Acuna was only entitled to, and did receive, one downward departure for substantial assistance, his argument that his attorney failed see to it that he receive a second downward departure for substantial assistance has no merit. Accordingly, Ms. Newberger's assistance did not fall below an objective standard of reasonableness and Grano-Acuna's complaint that she provided ineffective assistance fails.

**III. CONCLUSION**

For the foregoing reasons, Grano-Acuna's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 because his attorney provided ineffective assistance of counsel is hereby DENIED.

It is so ORDERED this 5nd day of NOVEMBER, 2009.

                                                                                                     /s/
                                                             Benson Everett Legg
                                                             Chief Judge